UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMON GILMORE,

                Petitioner,

Case No. 15-cv-14454

Judith E. Levy
United States District Judge

v.

Mag. Judge Anthony P. Patti

PAUL KLEE,

                Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE,
DENYING CERTIFICATE OF APPEALABILITY,
AND DENYING PERMISSION TO PROCEED ON APPEAL
<u>IN FORMA PAUPERIS</u>**

Petitioner, Jermon Gilmore, has filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his April 29, 1997, 25-to-50 year sentence resulting from his Wayne Circuit Court jury trial conviction of second-degree murder. Petitioner claims that he was sentenced in violation of his Sixth Amendment right to a jury trial

because the sentencing guidelines were calculated based on facts not admitted by him and not found beyond a reasonable doubt by the jury.

For the reasons provided below, this petition is dismissed without prejudice, because Petitioner has not exhausted this claim to the state courts. A certificate of appealability is denied, as is permission to appeal in forma pauperis.

## I.   Standard of Review

Petitions for habeas corpus are evaluated under heightened pleading standards, and the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing Section 2254 Cases in the United States District Courts). *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). Rule 4 permits *sue sponte* dismissal of a habeas petition that raises legally frivolous claims or contains factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Connor*, 404 U.S. 270, 275-77 (1971)); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citing *Picard*, 404 U.S. at 275-77). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must

3

raise the exhaustion issue on its own initiative when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

## II. Analysis

Petitioner alleges that he pursued an appeal of right following his conviction. (Dkt. 1 at 2.) He states that he raised "due process and fair trial violations, and ineffective assistance of counsel by trial and appellate attorneys." (*Id.*) On May 18, 1999, the Michigan Court of Appeals denied him relief, and thereafter, the Michigan Supreme Court denied review.

Petitioner asserts that he filed a motion for relief from judgment in the trial court on September 28, 2012, asserting the "same issues raised in first appeal." The trial court denied relief on May 9, 2013. Petitioner does not claim to have appealed this decision or sought any further relief in the state courts.

4

Petitioner alleges that the trial judge violated his Sixth Amendment right to a jury trial by using factors that had not been proven beyond a reasonable doubt to score several variables under the Michigan Sentencing Guidelines. (*Id.* at 6-7.) He bases his claim on the 2015 Michigan Supreme Court case of *People v. Lockridge*, 498 Mich. 358 (2015), in which the Court held that Michigan's sentencing guidelines scheme violates the Sixth Amendment right to a jury trial. The Michigan Supreme Court based its decision on *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), in which the Supreme Court ruled that any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *Lockridge*, 498 Mich. at 365. *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court held that any fact that increases or enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. 133 S. Ct. at 2163.

However, without reaching the merits of Petitioner's *Lockridge* claim, it is found to be unexhausted, because Petitioner never presented this sentencing claim to the state courts. The Court recognizes that Petitioner has already filed one motion for post-conviction relief, reducing the likelihood that he will succeed with another post-conviction motion. See Mich. Ct. Rule 6.502(G). But, as far as this Court can tell, neither the Michigan Court of Appeals nor the Michigan Supreme Court have held that *Lockridge* does not apply retroactively, and Michigan Court Rule 6.502(G)(2) allows for a second motion based on "a retroactive change in law that occurred after the first motion for relief from judgment." Accordingly, it appears that Petitioner may have an available procedure to present his claims to the state courts.

It should be noted that because there is a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d), dismissal without prejudice often effectively precludes future federal habeas review. Accordingly, habeas petitioners that have neared expiration of the limitations period frequently have their petitions stayed instead of

dismissed without prejudice when they are ordered to return to state court to exhaust their remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005).

In this case, however, the statute of limitations has long expired, given that Petitioner completed direct review under § 2244(d)(1)(A) in 1999. If the petition is to survive a challenge to its timeliness, it will be because Petitioner can establish that it was filed within one year of the recognition of a new constitutional right by the United States Supreme Court made retroactively applicable to cases on collateral review. See § 2244(d)(1)(c).[1] It is doubtful Petitioner will be able to succeed with such a claim given that his claim is based on a recent Michigan Supreme Court decision and the latest relevant United States Supreme Court decision—*Alleyne*—was decided in 2013. Therefore, staying this case instead of dismissing it without prejudice would serve no purpose.

---

[1] The *Lockridge* decision came down on July 29, 2015, 498 Mich. at 358, while the *Alleyne* case on which it was based came down on June 17, 2013. 133 S. Ct. at 2151.

Accordingly, the Court will dismiss the petition without prejudice so that Petitioner may exhaust his state court remedies with respect to his sentencing claim.

## III. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (citation omitted).

In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief

8

should be granted. Therefore, the Court will deny a certificate of appealability. The Court will also deny permission to appeal in forma pauperis because any appeal of this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

## IV. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that a certificate of appealability and permission to appeal in forma pauperis are **DENIED**.

IT IS SO ORDERED.

Dated: June 30, 2016  　　　　　　s/Judith E. Levy
Ann Arbor, Michigan 　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2016.

　　　　　　s/Felicia M. Moses
　　　　　　FELICIA M. MOSES
　　　　　　Case Manager